**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LEROY WIGGINS a/k/a STERLING CHAVIS, PAROLEE,<br><br>            Petitioner,<br><br>    v.<br><br>TOM WOLF, GOVERNOR, COMMONWEALTH OF PENNSYLVANIA; KATHLEEN KANE, ATTORNEY GENERAL, COMMONWEALTH OF PENNSYLVANIA, PENNSYLVANIA BOARD OF PROBATION AND PAROLE<br><br>            Respondents. | : : : : : : : : : : : : : : : : : | Civil Action No. 15-656(SRC)<br><br>**OPINION** |

**CHESLER**, District Judge

This matter comes before the Court upon Petitioner's submission of a petition under 28 U.S.C. § 2241, which was accompanied by the $5.00 filing fee. (Pet., Doc. No. 1.) Petitioner is a resident of Paterson, New Jersey, and a parolee of the Pennsylvania Board of Probation and Parole. (Pet.) For the following reasons, the habeas petition with be dismissed without prejudice due to a lack of jurisdiction.

1

I.   **BACKGROUND**

Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2241 on January 30, 2015.  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief, the judge must dismiss the petition and direct the Clerk to notify the petitioner.[1]  Petitioner alleged two grounds for relief in the instant petition:  (1) "Respondents subjected Petitioner to "piecemeal incarceration" by arbitrarily extending the maximum date of incarceration by more than 20 years beyond the date initially fixed by his Pennsylvania sentencing court;" and (2) "Respondents subjected Petitioner to "piecemeal incarceration" in contravention of the Interstate Agreement Detainers Act ("IAD") thereby violating Petitioner's rights as secured by the 8th and 14th Amendments to the U.S. Constitution."

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are applicable to habeas petitions under 28 U.S.C. § 2241 pursuant to Rule 1(b), which provides, "Other Cases.  The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

Petitioner requested the following relief:

> Declare that Petitioner's maximum Pennsylvania Sentence expired in year 2001; Declare the actions of the Penna. Board of Prob. And Parole in elongating Petitioner's maximum sentence as imposed in November 1982 a nullity; Declare that Petitioner's rights under the 8th and 14th Amendments to the U.S. Constitution were violated by Respondents; [and] Declare that Respondents violated the Interstate Agreement Detainers Act by Subjecting Petitioner to "piecemeal incarceration."

(Pet. ¶ 8.)

## II. DISCUSSION

Petitioner seeks relief under 28 U.S.C. § 2241, which confers jurisdiction on district courts to issue a writ of habeas corpus to a prisoner who is in custody in violation of the Constitution or laws or treaties of the United States. § 2241(c)(3). Similarly, 28 U.S.C. § 2254 confers jurisdiction on district courts to issue a writ of habeas corpus "on behalf of a person in custody *pursuant to the judgment of a state court* . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." § 2254(a)(emphasis added).

The Third Circuit Court of Appeals addressed whether a Pennsylvania state prisoner who challenged a decision of the state parole board, denying his application for release, could

proceed under § 2241 in Cody v. Vaughn, 251 F.3d 480 (3d Cir. 2001). The Court explained:

> It is a well-established canon of statutory construction that when two statutes cover the same situation, the more specific statute takes precedence over the more general one . . . . The rationale for this canon is that a general provision should not be applied "when doing so would undermine limitations created by a more specific provision." In the instant case, both Sections 2241 and 2254 authorize [Petitioner's] challenge to the legality of his continued state custody. However, with respect to habeas petitions filed by state prisoners pursuant to Section 2254, Congress has restricted the availability of second and successive petitions through Section 2244(b). Allowing [Petitioner] to file the instant petition in federal court pursuant to Section 2241 without reliance on Section 2254 would circumvent this particular restriction in the event that [Petitioner] seeks to repetition for habeas relief and would thereby thwart Congressional intent. Thus, applying the "specific governs the general" canon of statutory construction to this action, we hold that [Petitioner] must rely on Section 2254 in challenging the execution of his sentence.

Id. at 484-85. The same reasoning is applicable here, particularly because Petitioner admits he has filed four prior § 2254 petitions in Pennsylvania, related to his 1981 criminal case. (Pet. at 3a.)

In a later decision, the Third Circuit held that "a state prisoner challenging the *validity or execution* of his state court sentence must rely on the more specific provisions of §

4

2254 rather than § 2241." Washington v. Sobina, 509 F.3d 613, 618 n. 5 (3d Cir. 2007) (emphasis added). This Court, therefore, finds that it lacks jurisdiction under 28 U.S.C. § 2241 to address Petitioner's claims. See Henry v. United States Atty. Gen., 525 F. App'x 67, 67 (3d Cir. 2013)(per curiam)("federal courts are obligated to *sua sponte* identify jurisdictional defects.") This Court will not recharacterize the instant § 2241 petition as a § 2254 petition. If Petitioner elects to file a § 2254 petition, he must use the proper form and file it as a new case.

### III. CONCLUSION

For the reasons discussed above, the habeas petition will be denied without prejudice as the relief petitioner seeks is properly raised in a § 2254 petition rather than the instant § 2241 petition.

Dated: March  10TH  , 2015

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　STANLEY R. CHESLER
　　　　　　　　　　　　　　　　　　**United States District Judge**

5